Eddie **HOWARD** and Joan Howard

v.

**SEABOARD COASTLINE RAIL-ROAD COMPANY.**

**Civ. A. No. 17511.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 18, 1973.

Saul Blau, Atlanta, Ga., for plaintiffs.

William B. Spann, Jr., and Oscar N. Persons, Alston, Miller & Gaines, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action brought pursuant to the Federal Employees Liability Act arising out of an incident occurring January 27, 1972. Plaintiffs filed interrogatories on February 1, 1973. In interrogatories two and three, plaintiffs asked about statements taken by defendant regarding facts connected with the incident. Defendant furnished the names of the persons from whom statements were taken, but declined to reveal the substance thereof. However, the defendant did furnish the statement of plaintiff Eddie Howard taken by defendant.

The plaintiffs move the court to order the production, for the purpose of inspection and duplication, of the statements of Hoyt Long, J. A. Harper, J. L. Harper, R. W. Anderson, C. R. Haymon and R. P. Silcox. These statements were taken and procured at the instance of B. T. Edens, Division Claim Agent of defendant during the months of February and March, 1972. According to Edens' affidavit, submitted by the defendant in support of its Response of Defendant to Plaintiffs' Motion for Production of Documents, the statements were accumulated as part of his investigative duties in anticipation of possible claims or litigation.

Plaintiffs have not complied with the prior-request requirements of F.R.Civ.P. 34(b) but have simply filed with the court a motion for production of documents pursuant to F.R.Civ.P. 37(a). However, the defendant contends that had plaintiffs complied with the notice requirement of F.R.Civ.P. 34(b) they would still not be entitled to production for failure to comply with the provisions of F.R.Civ.P. 26(b)(3). The court agrees.

Plaintiffs state as grounds for the requested discovery that (1) the witnesses whose statements were recorded are employees of defendant and hence reluctant to give testimony, (2) the whereabouts of some witnesses are unknown, and (3) plaintiffs cannot obtain the requested materials without undue hardship. Plaintiffs offer no facts to substantiate their stated conclusion that they will incure undue hardship in gathering the information sought. Moreover, the defendant has informed the court that plaintiffs have been provided with the addresses of all of the persons whose statements are sought. Defendant also asserts that the plaintiffs have apparently made no attempt to depose any of the witnesses whose statements are sought.[1]

It would appear to the court that the witnesses involved in the matter *sub judice* are as accessible to the plaintiffs as they are to the defendant for the purposes of deposition or for securing statements. The movants have not offered any reasons for their lack of diligence in pursuing the information sought. Absent a showing of some effort on their part, other than the filing of a brief motion to produce, the court is of the opinion that the plaintiffs may not benefit at this point from the investigatory efforts of the defendant.[2] The unsupported supposition that the witnesses involved may be "reluctant" to give testimony to the plaintiffs by virtue of their employment status is hardly sufficient cause for granting the requested motion. There is no factual basis in the record before the court to support such a conclusion. In similar cases where the movant has alleged potential hostility and uncooperativeness the courts have held

1. The record indicates that plaintiffs have filed no notices to depose any of the witnesses whose statements are sought.

2. The Advisory Committee's Comments to F.R.Civ.P. 34 indicate that: "[E]ach side should be encouraged to prepare independently, and . . . one side should not automatically have the benefit of the detailed preparatory work of the other side." 48 F.R.D. 501.

such a showing is sufficient to meet the movant's burden. *See* Almaguer v. Chicago, Rock Island & Pacific R. R., 55 F.R.D. 147 (D.Neb.1972); Fidelity & Deposit Co. of Maryland v. S. Stefan Strauss, Inc., 52 F.R.D. 536 (E.D.Pa. 1971).

In the instant case the plaintiffs/movants have failed to carry their burden of establishing their inability to obtain a substantial equivalent of the data sought by alternative means. The motion for production of documents is therefore denied.

It is so ordered.