■ In the Matter of DAWN WEAVER, as Executrix of DOUGLAS L. WEAVER, Respondent, v WATERVILLE KNITTING MILLS, INC., Appellant.— Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Douglas L. Weaver was fatally injured in an accident while employed by appellant Waterville Knitting Mills, Inc. In support of her application for disclosure, Dawn Weaver, executrix of her husband's estate, asserts that she has learned that the accident resulted from the collapse of a loading ·dock where her husband was working at the time. However, she claims that the information available to her is insufficient to frame a complaint. That part of the order appealed from provided that Mrs. Weaver, an applicant for pre-action discovery under CPLR 3102 (subd [c]), was entitled to "inspect and copy all records, reports, and statements obtained and made in the course of the investigation of the accident." Disclosure "to aid in bringing an action" (CPLR 3102, subd [c]) authorizes discovery to permit a plaintiff to frame a complaint and to obtain the identity of prospective defendants *(Matter of Urban v Hooker Chems. & Plastics Corp.,* 75 AD2d 720). Special Term's exercise of discretion in granting disclosure in this case is appropriate. Appellant urges, however, that the reports prepared following the accident

are material prepared for litigation and, therefore, immune from disclosure (CPLR 3101, subd [d]). Information given to liability insurers is deemed material prepared for litigation immune from discovery *(Mosier v Van Der Horst Research Corp.,* 25 AD2d 938; *Kandel v .Tocher,* 22 AD2d 513). In those cases which do not involve a liability carrier the burden rests upon the party resisting disclosure to demonstrate that the material sought was prepared solely for litigation and not in the regular course of business *(Mobil Oil Corp. v State of New York,* 52 AD2d 1033). The record before us does not clearly indicate whether the material sought relates to information obtained solely for appellant's liability carrier which is entitled to immunity *(Mosier v Van Der Horst Research Corp., supra)* or whether some or all of the "records, reports, and statements" were those made by employees to their employer in the regular course of business and, hence, not exempt from disclosure *(Bojanek v Niagara Frontier Tr. System,* 25 AD2d 486). Where the material sought serves a dual purpose it is discoverable *(Moon v MacKay,* 64 AD2d 1022), since disclosure may not be avoided simply by shifting the investigation of all accidents to a workers' compensation or liability carrier. Under the circumstances we affirm the order at Special Term, but because it is so broadly worded—"all records, reports, and statements"—we direct Special Term to examine these materials *in camera,* to determine discoverability in accordance with this memorandum, having in mind that the identity of prospective defendants and the alleged unavailability of such information from any other source (see *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 136) may result in injustice or undue hardship to plaintiff (CPLR 3101, subd [d]). (Appeal from order of Oneida Supreme Court—disclosure.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.