■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. JONES, Appellant.—Case held, decision reserved, and matter remitted to County Court, Erie County, for a hearing to determine whether there is a factual basis to support the defendant's plea to robbery, first degree, viz., that defendant or other participants in the crime with which defendant is charged used a firearm as defined in subdivision 4 of section 160.15 of the Penal Law. (Appeal from judgment of Erie County Court—robbery, first degree.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ ARTHUR TAVARES, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60364.)—Order unanimously reversed, without costs, and matter remitted to Court of Claims for further proceedings in accordance with the following memorandum: Claimant commenced an action for false imprisonment, contending that the State had not given him credit for jail time to which he was entitled and which would have made him eligible for good behavior, permitting his release on March 14, 1975, one year before he was actually released. In furtherance of this claim, claimant made a motion under CPLR 3120 directing defendant to disclose his prison file which had been considered by the Time Allowance Committee pursuant to 7 NYCRR 261.3 (a). Defendant asserts that claimant's file contains various documents, some of which are potentially confidential such as letters from counsel's office to the Department of Correction that are covered by the attorney-client privilege and claimant's presentence reports which may be confidential under CPL 390.50. Under the circumstances, we direct the Court of Claims to examine the claimant's file *in camera* to determine what parts of it claimant is entitled to examine and copy and what parts of it are confidential (see *Matter of Weaver v Waterville Knitting Mills,* 78 AD2d 574). (Appeal from order of Court of Claims—discovery.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ In the Matter of LOUISE BRIDGES, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: In this proceeding transferred to our court pursuant to CPLR 7804 (subd [g]) petitioner seeks review of a decision of respondent commissioner after a fair hearing affirming the agency's determination to discontinue the aid to dependent children which petitioner was receiving on behalf of her two grandchildren. The record contains undisputed evidence that petitioner did not appear for a duly scheduled recertification interview (18 NYCRR 351.21) of which she had written notice and that she received and failed to respond to the 10-day notice of proposed discontinuance of assistance (18 NYCRR 351.22). Thus, the respondent commissioner's decision that the grant was properly terminated is supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.