**Wilma C. YOUNG and Wayne H. Young**

v.

**UNITED PARCEL SERVICE.**

**No. CIV 79–5126.**

United States District Court,
D. South Dakota.

Oct. 31, 1980.

Thomas E. Simmons, Rapid City, S. D., for plaintiffs.

Thomas Fritz, Rapid City, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

This case is a personal injury action in which Plaintiffs claim damages allegedly resulting from injuries sustained when Plaintiff Wilma Young slipped and fell at Defendant's place of business. Approximately ten or eleven months after this accident, an insurance adjuster employed by Defendant's insurer took statements regarding the accident from three of Defendant's employees who were working at the time of the accident. Typewritten transcripts of these interviews were prepared. There is no indication that these interviews were conducted on behalf of, or by order of, Defendant's attorney.

Plaintiffs have moved under Rule 34 of the Federal Rules of Civil Procedure for production of the statements. Defendant has refused production under Rule 26(b) of the Federal Rules of Civil Procedure. Under Rule 26(b), material prepared in anticipation of litigation is not discoverable unless the party seeking discovery has demonstrated a substantial need for the material in question and that he is unable, without undue hardship, to obtain the substantial equivalent of the material.

Plaintiffs' attorney, in an affidavit accompanying the Motion to Produce, states that the insurance adjuster who conducted the interviews of Defendant's employees informed him that Defendant's employees had mentioned something about oil being spilled on the floor of Defendant's premises prior to Wilma Young's fall. During the depositions of these employees, they all testified that they did not recall telling the insurance adjuster that any oil had been spilled on the floor on the day of the accident.

■ There is a split of authority regarding the question whether a statement procured by an insurance investigator, prior to the initiation of litigation or the involvement of an attorney in the matter, is prepared in anticipation of litigation. *Teribery v. Norfolk & Western Railway Co.*, 68 F.R.D. 46 (W.D.Pa.1975). Several cases have held that such statements are made in anticipation of litigation and therefore are not discoverable without a showing of substantial need and inability to obtain similar material without undue hardship. *Hamilton v. Canal Barge Company, Inc.*, 395 F.Supp. 975 (E.D.La.1974); *Almaguer v. Chicago, Rock Island & Pacific RR Co.*, 55 F.R.D. 147 (D.Neb.1972); *Fireman's Fund Insurance Co. v. McAlpine*, 391 A.2d 84 (R.I. 1968). On the other hand, a number of cases have reached the opposite conclusion—that such statements are not made in anticipation of litigation and are, therefore, discoverable without any additional showing. *McDougall v. Dunn*, 468 F.2d 468 (4th Cir. 1972); *Prucha v. M & N Hydraulic Press Co.*, 76 F.R.D. 207 (W.D.Wisc.1977); *Spaulding v. Denton*, 68 F.R.D. 342 (D.Del.1975); *Fort Howard Paper Co. v. Affiliated F. M. Insurance Co.*, 64 F.R.D. 694 (E.D.Wisc. 1974); *Atlanta Coca–Cola Bottling Co. v. Transamerica Insurance Co.*, 61 F.R.D. 115 (N.D.Ga.1972); *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972). This Court, however, need not address the issue of whether these statements were made in anticipation of litigation. The reason for this is that the Court finds that Plaintiffs have shown a substantial need for the materials and have further shown that they cannot obtain the substantial equivalent of the statements without undue hardship.

■ Two factors lead the Court to the conclusion that Plaintiffs have met the substantial need/undue hardship requirement. The first factor concerns the alleged variance between the witnesses' statements to the insurance adjuster and their deposition testimony. The presence of oil on the floor could be an important factor in the trial of this case. Therefore, Plaintiffs should be entitled to discover if these witnesses made a statement at one time regarding an oil spill. The mere hope or surmise that the asked for material may contain information that could be used to impeach a witness is not enough to show substantial need or undue hardship. *Stephens Produce Co., Inc. v. National Labor Relations Board*, 515 F.2d 1373 (8th Cir. 1975); *Hauger v. Chicago, Rock Island & Pacific RR Co.*, 216 F.2d 501 (7th Cir. 1954). But, in this case, Plaintiffs have offered more than mere surmise or conjecture. There seems to be a strong possibility that the statements the witnesses gave Defendant's insurer differ significantly from their deposition testimony.

■ The other factor the Court considered in determining that Plaintiffs have met the substantial hardship/undue burden requirement is the witnesses' status as employees of Defendant. Standing alone, the fact a witness is employed by the party from whom discovery is sought is not enough to show an inability to obtain material without undue hardship. *Guilford National Bank of Greensboro v. Southern Ry. Co.*, 297 F.2d 921 (4th Cir. 1962); *Howard v. Seaboard Coastline RR Co.*, 60 F.R.D. 638 (N.D.Ga.1973); *Almaguer, supra.* However, where the party seeking discovery has deposed or interviewed the witnesses and there is a showing that a witness is hostile or evasive, the fact the witness is an employee of the party from whom discovery is sought can be used to buttress a finding that the party seeking discovery has met the undue hardship requirement. *Southern Ry. Co. v. Lanham*, 403 F.2d 119 (5th Cir. 1968); *Guilford, supra; Howard, supra; Redfern v. American President Lines, Ltd.*, 228 F.2d 227 (N.D.Cal.1963); *Diamond v. Mohawk Rubber Co.*, 33 F.R.D. 264 (D.Colo. 1963). In this case, Plaintiffs attempted to procure the information they wanted through depositions. However, after the taking of these depositions, it appeared that the witnesses' deposition testimony might well be significantly different than the statements they had earlier provided to Defendant's insurer. This would appear to indicate that the witnesses were evasive in their deposition testimony or simply did not

remember the facts surrounding the incident. The fact the witnesses are employees of Defendant could help to explain any reticence on the witnesses' part to reveal the presence of an oil spill on the floor of Defendant's premises.

It appears that Plaintiffs have established both a substantial need for the statements in question and also that the substantial equivalent of these statements cannot be obtained without undue hardship. Therefore, Plaintiffs' Motion to Produce will be granted.   ·