Del P. ASHMEAD and Sydney K. Ashmead, Appellees,

v.

Charles Lloyd HARRIS, Appellant.

No. 68998.

Supreme Court of Iowa.

July 20, 1983.

M.H. Pothoven of Clements, Blomgren & Pothoven, Oskaloosa, for appellant.

Kenneth L. Keith and Lloyd E. Keith of Dull, Keith & Beaver, Ottumwa, for· appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

The question here is whether written materials prepared by a liability insurer in a routine investigation following an automobile accident were "prepared in anticipation of litigation" within the meaning of Iowa R.Civ.P. 122(c). We granted interlocutory review of a trial court order compelling their production after holding they were not. Because we disagree with the trial court's interpretation of the rule, we reverse.

Plaintiffs Del P. Ashmead and Sidney K. Ashmead sued defendant Charles Lloyd Harris for damages they allege they sustained through defendant's negligence in an automobile accident. During the course of pretrial discovery plaintiffs learned that the accident was investigated by defendant's liability insurer Economy Fire & Casualty Company. Plaintiffs subsequently filed a motion seeking production of all notes, correspondence, reports, statements or memoranda produced by defendant or defendant's insurer. Defendant agreed to produce copies of statements taken from plaintiffs but resisted the remainder of the motion because of plaintiff's failure to make the preliminary showing for production required by rule 122(c).

Plaintiffs subsequently filed a motion to compel production alleging the documents were not subject to the requirements of the rule. Defendant objected on the ground previously urged and attached an affidavit by a claims examiner for the insurer. The claims examiner asserted the insurance company file "reflects the routine type of investigation done on any accident involving a potential third party claim . . . for the

purpose of collecting all available information pursuant to the accident in question [for use in defending] our insured in the event that claims are made or suits are filed against the insured." After hearing on the motion, the trial court found that the investigation described in the affidavit was not made in anticipation of litigation and that the documents were therefore discoverable without the showing required by the rule. The court ordered the documents to be produced, and defendant challenges that ruling in this appeal.

 Our discovery rules are liberally construed to effectuate the disclosure of relevant information to the parties. A trial court has wide discretion in ruling upon the discoverable nature of requested information and will not be reversed unless an abuse of discretion is found. *Pollock v. Deere and Co.*, 282 N.W.2d 735, 738 (Iowa 1979). Discretion is abused when it is exercised on clearly untenable grounds or to a clearly unreasonable extent. *Hubby v. State*, 331 N.W.2d 690, 697 (Iowa 1983). The issue in the present case is whether the trial court's order was entered on a clearly untenable ground. Specifically we must decide whether the court based its decision on an erroneous interpretation of rule 122(c).

Rule 122 provides a broad grant of discovery:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

*(a) In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The parties' dispute concerns applicability of the limitation on discovery in subparagraph (c):

*(c) Trial preparation—materials.* Subject to the provisions of subdivision *"d"* of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision *"a"* of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Plaintiffs did not allege or establish "substantial need" and inability "without undue hardship to obtain the substantial equivalent of the materials by other means." Defendant did not assert that the documents contained protected "mental impressions, conclusions, opinions, or legal theories . . . concerning the litigation." Relevancy is not disputed. Therefore the applicability of the limitation turns on whether the materials were gathered in anticipation of litigation.

We have not previously interpreted this language. Rule 122, however, is modeled on Fed.R.Civ.P. 26(b), and the history and cases under the federal rule provide guidance in interpreting the Iowa counterpart.

Fed.R.Civ.P. 26(b)(3) contains the same discovery limitation as Iowa R.Civ.P. 122(c). The federal provision was added by amendment in 1970. The note of the advisory committee demonstrates that the amend-

ment was intended to remove confusion in case law concerning a prior "good cause" predicate for production of documents and the scope of the "work-product" doctrine. The committee said:

> The rules are amended by eliminating the general requirement of "good cause" from Rule 34 but retaining a requirement of a special showing for trial preparation materials in this subdivision. The required showing is expressed, not in terms of "good cause" whose generality has tended to encourage confusion and controversy, but in terms of the elements of the special showing to be made: substantial need of the materials in the preparation of the case and inability without undue hardship to obtain the substantial equivalent of the materials by other means.

> These changes conform to the holdings of the cases, when viewed in light of their facts. Apart from trial preparation, the fact that the materials sought are documentary does not in and of itself require a special showing beyond relevance and absence of privilege. The protective provisions are of course available, and if the party from whom production is sought raises a special issue of privacy (as with respect to income tax returns or grand jury minutes) or points to evidence primarily impeaching, or can show serious burden or expense, the court will exercise its traditional power to decide whether to issue a protective order. On the other hand, the requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side.

48 F.R.D. 487, 500–01.

The committee added:

> Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision.

*Id.* at 501.

The general anticipation of litigation test that has emerged in federal decisions interpreting rule 26(b)(3) is "whether, in light of the nature of the documents and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Hercules Inc. v. Exxon Corp.,* 434 F.Supp. 136, 151 (D.Del.1977); *see United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.1981); *In re Grand Jury Proceedings,* 604 F.2d 798, 803 (3rd Cir.1979); *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 604 (8th Cir.1977); *United States v. Lipshy,* 492 F.Supp. 35, 45 (N.D.Tex.1979).

This test was first suggested in 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2024 at 198–99 (1970):

> Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in the light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation.

It does not matter that the investigation is routine. Even a routine investigation may be made in anticipation of litigation. *See Hamilton v. Canal Barge Co.,* 395 F.Supp. 975, 976 (E.D.La.1974); *Almaguer v. Chicago, Rock Island & Pacific Railroad,* 55 F.R.D. 147, 149 (D.Neb.1972). Thus a document prepared in the regular course of business may be prepared in anticipation of litigation when the party's business is to prepare for litigation. *See Note, Work Product Discovery: A Multifactor Approach to the Anticipation of Litigation Requirement in Federal Rules of Civil Procedure 26(b)(3),* 66 Iowa L.Rev. 1277, 1293–95 (1981).

■ We conclude that a routine investigation of an accident by a liability insurer is conducted in anticipation of litigation within the meaning of Iowa R.Civ.P. 122(c). Even though litigation may not be imminent, the primary purpose of the investigation is to be prepared to defend a third party claim. The limitation therefore applies. *See Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982); *Weaver v. Waterville Knitting Mills, Inc.,* 78 A.D.2d 574, 575, 432 N.Y.S.2d 419, 420 (1980); *Firemen's Fund Insurance Co. v. McAlpine,* 120 R.I. 744, 750, 391 A.2d 84, 89–90 (1978).

The present situation comes within the reasoning of the Rhode Island court in *McAlpine:*

> In our litigious society, when an insured reports to his insurer that he has been involved in an incident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact, will begin to prepare his case. [citation omitted] Although a claim may be settled short of the instigation of legal action, there is an ever-present possibility of a claim's ending in litigation. The recognition of this possibility provides, in any given case, the impetus for the insurer to garner information regarding the circumstances of a claim.

*Id.* at 750, 391 A.2d at 89–90. Of course, an investigation may be made for a different purpose, but in that event it is not a "routine" investigation into the insured's liability. *Id.* at ——, 391 A.2d at 90.

Several cases relied on by plaintiffs are distinguishable because they involved investigations initiated to adjust the insured's own loss and were not liability investigations. *See Fine v. Bellefonte Underwriters Insurance Co.,* 91 F.R.D. 420 (S.D.N.Y. 1981); *APL Corp. v. Aetna Casualty & Surety Co.,* 91 F.R.D. 10 (D.Md.1980); *Westhemeco Ltd. v. New Hampshire Insurance Co.,* 82 F.R.D. 702 (S.D.N.Y.1979); *Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co.,* 61 F.R.D. 115 (N.D.Ga. 1972). We need not decide what test should be applied for determining when a routine investigation of an insured's claim becomes an investigation in anticipation of litigation with the insured or with a third party. It is sufficient to note the distinction between adjustment of the insured's loss and an investigation of the insured's liability to third persons.

■ Plaintiffs also rely on *Thomas Organ Co. v. Jadranska Slobodna Plovidba,* 54 F.R.D. 367 (N.D.Ill.1972). It appears that the insurer in that case initially investigated to adjust its insured's loss but subsequently brought a subrogation action against a third party. The court denied the third party's discovery motion for reports obtained in the initial investigation on the ground they had not been requested by or prepared for an attorney. The ground of the ruling has been criticized for doing violence to both the history and language of Fed.R.Civ.P. 26(b)(3). *See 4 Moore's Federal Practice* ¶ 26.64 at 68 (1978–79 Supp.). To the extent the case is inconsistent with the result we reach, we decline to follow it. We also decline to follow *Miles v. Bell Helicopter Co.,* 385 F.Supp. 1029 (N.D.Ga.1974). That case holds that anticipation of litigation means a substantial probability of imminent litigation. *Id.* at 1033. We agree with the courts that find it sufficient if the primary motivating purpose behind the creation of the document was to aid in possible future litigation. *See United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.1981).

■ A motion to compel production of documents under rule 122 does not necessarily fail when a court decides the documents were prepared in anticipation of litigation. The decision merely triggers the burden of "showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Courts have broad discretion in determining whether this showing has been made. *See 4 Moore's Federal Practice* ¶ 26.64[3] at 26–416 to 26–

439 (1979). Witness statements, for example, have been held to be discoverable when they were taken shortly after the event and lapse of time precludes the movant from obtaining the information through alternative means. *See McDougall v. Dunn,* 468 F.2d 468, 474 (4th Cir.1972); *Hamilton v. Canal Barge Co.,* 395 F.Supp. 975 (E.D.La. 1974); *Teribery v. Norfolk & Western Railroad,* 68 F.R.D. 46 (W.D.Pa.1975). In the present case, however, plaintiffs did not attempt to carry their burden under rule 122(c).

We disagree with the trial court's interpretation of anticipation of litigation in rule 122(c). Under the interpretation we adopt, the documents sought in the present case were prepared in anticipation of litigation. Because the required showing for their production was not made, the trial court erred in ordering them produced.

REVERSED.