Calvin **SCHAFFER**, James Sutherlin, and Mary L. Sutherlin, Appellees,

v.

Larry **ROGERS**, Stanley Sherwood and City of Des Moines, Appellants.

No. 83–1287.

Supreme Court of Iowa.

Feb. 13, 1985.

J.M. Sullivan, Asst. City Atty., Des Moines, for appellants.

Bernard J. Connolly, Jr., and Thomas M. Werner, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

McGIVERIN, Justice.

Defendants Larry Rogers, Stanley Sherwood, and the City of Des Moines appeal

with our permission in a civil tort action from an interlocutory order directing the production, for discovery purposes, of documents prepared by the Internal Affairs Unit of the Des Moines police department. We reverse.

On appeal, defendants contend that the materials that plaintiffs seek to discover are within the qualified work product privilege established by Iowa R.Civ.P. 122(c), and that plaintiffs have not made the showing required by that rule to justify such discovery. We agree.

On July 31, 1981, plaintiffs Calvin Schaffer, James Sutherlin and Mary L. Sutherlin filed a civil action for damages against defendants Rogers and Sherwood and their employer, the City of Des Moines. The petition alleged, *inter alia,* that Rogers and Sherwood, in their capacities as Des Moines police officers, had on April 1, 1981, committed assault and battery against plaintiffs and violated their constitutional and statutory rights. Defendants filed an answer denying plaintiffs' claims.

In the course of discovery, plaintiffs inquired by interrogatories under Iowa R.Civ.P. 126 whether defendants had taken any statements from witnesses regarding the events of April 1, and whether any investigation concerning those events had been conducted. In their answers filed on January 8, 1982, defendants stated that the Internal Affairs Unit (IAU) of the Des Moines police department had conducted an investigation on April 10, 1981, and was in possession of statements taken from plaintiffs James Sutherlin and Mary L. Sutherlin, defendants Rogers and Sherwood, and a civilian witness named Raymond Serra.

Plaintiffs were represented by an attorney as early as April 8, 1981. However, they apparently had made no efforts to obtain statements from Rogers, Sherwood, or Serra, or to interview them, and requested under Iowa R.Civ.P. 129–30 that defendants produce the witness statements obtained by the IAU and a copy of the IAU's investigative report. Defendants made the statements of James and Mary Sutherlin available to plaintiffs, but declined to produce the statements of Rogers, Sherwood, or Serra, or the IAU's report, on the grounds that those materials were protected from discovery under Iowa R.Civ.P. 122(c). Defendants maintained that the statements and report were "prepared in anticipation of litigation" within the meaning of rule 122(c) and that plaintiffs had not shown, pursuant to that rule, that they had substantial need of those materials for the preparation of their case and that they were unable without undue hardship to obtain the substantial equivalent of those materials by other means.

Plaintiffs moved under Iowa R.Civ.P. 134 for an order compelling production of the materials. After a hearing, the district court granted the motion. The court ruled (1) that the materials were not within the scope of rule 122(c) because they were not "prepared in anticipation of litigation" within the meaning of that rule, and (2) that even if the materials were considered as having been prepared in anticipation of litigation, plaintiffs had made a sufficient showing under the rule to justify discovery of the materials.

Pursuant to Iowa R.App.P. 2, defendants applied to this court for permission to appeal the district court's ruling in advance of final judgment. The application was granted.

I. *Were the materials in question "prepared in anticipation of litigation" within the meaning of rule 122(c)?* Iowa R.Civ.P. 122(a) generally provides for liberal discovery regarding matters relevant to the subject matter of a civil action. However, rule 122(c) provides in relevant part:

... a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

The district court ruled that the statements obtained by the IAU, and the IAU's report, were not prepared in anticipation of litigation and so were discoverable without a special showing by plaintiffs.

■ "A trial court has wide discretion in ruling upon the discoverable nature of requested information and will not be reversed unless an abuse of discretion is found." *Ashmead v. Harris*, 336 N.W.2d 197, 199 (Iowa 1983). A ruling founded on an incorrect interpretation of rule 122(c) can constitute an abuse of discretion. *Id.*

In this case, the court based its ruling as to whether the materials in question were "prepared in anticipation of litigation" on its finding that the IAU investigation was conducted in the ordinary course of police department business. Relying on the advisory committee's note to Fed.R.Civ.P. 26(b)(3), which contains the same discovery limitation as Iowa R.Civ.P. 122(c), the court held that the materials assembled in the course of the investigation were, therefore, not within the scope of rule 122(c). *See Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery*, 48 F.R.D. 487, 501 ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subsection.")

■ Of course, the finding that the IAU's investigation was conducted as a matter of routine business does not compel the conclusion that its documents cannot be privileged under rule 122(c). In *Ashmead v. Harris*, 336 N.W.2d 197, 200 (Iowa 1983), we said of an insurer's accident investigation:

> It does not matter that the investigation is routine. Even a routine investigation may be made in anticipation of litigation. [Citations.] Thus a document prepared in the regular course of business may be prepared in anticipation of litigation when the party's business is to prepare for litigation.

The district court distinguished *Ashmead* by stating that the business of the IAU in conducting an investigation is not to prepare for litigation. This finding was based on testimony by two IAU officers to the effect that IAU investigations are conducted not only on behalf of the city's legal department to prepare for litigation, but also for the purposes of determining whether the incident under investigation warrants imposition of disciplinary sanctions or bringing of criminal charges against a police officer. The court concluded from this that the purpose of the IAU's investigation of the events of April 1, 1981, was not to prepare for litigation arising from those events.

■ We believe this conclusion is based on an erroneous understanding of the scope of *Ashmead* and of rule 122(c). The fact that an investigative body regularly conducts investigations for a variety of possible future purposes does not compel. the conclusion that the primary purpose of a *particular* investigation was not to prepare for litigation. The IAU should not automatically be denied the protection of rule 122(c) for all its investigative materials simply because some of its investigations are not conducted in anticipation of litigation. We reiterate the standard adopted in *Ashmead* that the determinative issue is whether the primary motivating purpose for the creation of the materials in question was to prepare for litigation. 336 N.W.2d at 201.

■ In this case, the evidence showed that at the time and at the scene of the April 1 incident plaintiff Schaffer threatened to complain against defendants Rogers and Sherwood and took down their names and badge numbers. The day after the incident, plaintiffs James and Mary Sutherlin went to the IAU and complained that Rogers and Sherwood had used excessive force against them. The IAU officers who conducted the investigation testified that part of the IAU's function is to investigate claims and lawsuits against the police on behalf of the city's legal department, that their experience was that persons who

complain of excessive use of force by police officers are likely to file lawsuits, that they believed the Sutherlins would file suit, and that they conducted their investigation on that assumption. Rogers and Sherwood testified that they had learned in training programs on civil liability that allegations of excessive force frequently lead to lawsuits, and that the IAU investigates such claims and lawsuits for the city's legal department. They also testified that they believed a lawsuit would be brought by the plaintiffs.

In the light of this uncontroverted evidence, we conclude that, notwithstanding the fact that the IAU also investigates matters for purposes other than preparation for litigation, the investigation in this instance was conducted primarily to prepare for litigation arising from the April 1 incident. There is no record evidence to the contrary. The fact that preparation for litigation is part of the IAU's function and that litigation was highly foreseeable in this case lead us to conclude that the primary purpose of the investigation was to assess the police department's liability to plaintiffs. The district court erred in ruling otherwise.

■ II. *Did plaintiffs make a sufficient showing under rule 122(c)?* Having found that the materials plaintiffs seek to discover were "prepared in anticipation of litigation" within the meaning of rule 122(c), we now turn to the question of whether plaintiffs have made a sufficient showing under the rule to justify discovery. Plaintiffs must show that they have "substantial need of the materials in the preparation of [their] case and that [they are] unable without undue hardship to obtain the substantial equivalent of the materials by other means." Iowa R.Civ.P. 122(c). We have not previously interpreted this language, and so we turn to Fed.R.Civ.P. 26(b)(3), upon which our rule is modeled, for guidance. *Ashmead*, 336 N.W.2d at 199.

In the light of the federal cases on this issue, we find that the main difficulty with plaintiffs' case is that they apparently have made no efforts at all to obtain the substantial equivalent of the materials they seek by conducting their own investigation and obtaining statements on their own from Rogers, Sherwood, or Serra. No explanation is offered for this inactivity.

Federal courts generally do not accommodate plaintiffs who seek an opposing party's materials without first trying to obtain equivalent materials through their own efforts. "This Court believes that the requesting party must make some showing that efforts to obtain similar materials have proved futile." *Fontaine v. Sunflower Beef Carrier, Inc.*, 87 F.R.D. 89, 93 (E.D.Mo.1980). In *Howard v. Seaboard Coastline Railroad Co.*, 60 F.R.D. 638, 639 (N.D.Ga.1973), the court said:

> It would appear to the court that the witnesses involved in the matter *sub judice* are as accessible to the plaintiffs as they are to the defendant for the purposes of deposition or for securing statements. The movants have not offered any reasons for their lack of diligence in pursuing the information sought. Absent a showing of some effort on their part, other than the filing of a brief motion to produce, the court is of the opinion that the plaintiffs may not benefit at this point from the investigatory efforts of the defendant. [Footnote omitted.]

Plaintiffs offer two reasons why production of the materials should be ordered: (1) the police officers may be hostile witnesses, and (2) lapse of time since the IAU investigation may have resulted in loss of memory by the witnesses. Both of these contentions may be true, but the federal courts have generally regarded such allegations as insufficient to compel discovery under rule 26(b)(3) unless the party seeking discovery has actually interviewed or deposed the witness in question and has his own document with which to substantiate a claim of hostility or faulty memory. *See In re International Systems and Controls Corporation Securities Litigation*, 693 F.2d 1235, 1241 n. 9 (5th Cir.1982) (faulty

memory); *Young v. United Parcel Service*, 88 F.R.D. 269, 271 (D.S.D.1980) (hostility); *Teribery v. Norfolk & Western Railway Co.*, 68 F.R.D. 46, 48 (W.D.Pa.1975) (faulty memory); *Howard v. Seaboard Coastline Railroad Co.*, 60 F.R.D. 638, 639 (N.D.Ga. 1973) (hostility); *Xerox Corporation v. International Business Machines Corporation*, 64 F.R.D. 367, 382 (S.D.N.Y.1974) (faulty memory).

The rationale for requiring a party to make an independent discovery effort before seeking discovery under Fed.R.Civ.P. 26(b)(3) was stated in *Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery*, 48 F.R.D. 487, 501:

> ... the requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side.

We find this policy desirable and we are satisfied that it is furthered by adopting the approach of the federal courts in like situations. Because plaintiffs have not shown any effort on their part to obtain the substantial equivalent of the materials they seek to discover, their showing under rule 122(c) was insufficient as a matter of law. The district court erred in ruling otherwise.

Because the materials plaintiffs seek to discover were "prepared in anticipation of litigation" within the meaning of Iowa R.Civ.P. 122(c), and because the plaintiffs have not made a sufficient showing under that rule to justify discovery of the materials, the order of the district court directing discovery is reversed.

We have considered other contentions of the parties and either find them without merit or unnecessary to our view of the case.

REVERSED.