Dennis SHOOK, Appellee,

v.

**CITY OF DAVENPORT, Iowa, and Thomas Lynch, Appellants.**

No. 92–810.

Supreme Court of Iowa.

March 24, 1993.

Michael J. Meloy, City Atty., for appellant City of Davenport.

James L. Ottesen, Davenport, for appellant Thomas Lynch.

John D. Stonebraker of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

In this civil rights action, the district court compelled production of materials gathered by the defendant city's police department in internal investigations. The city and the defendant police officer filed an application for interlocutory appeal challenging the discovery ruling. We granted the application and now reverse and remand for further proceedings consistent with this opinion.

## I. *Background Facts.*

On March 18, 1991, Thomas Lynch was on duty as a Davenport police officer. That evening he noticed a pickup truck near the intersection of West Kimberly Road and Fairmount Street. He saw two individuals inside the truck. Dennis Shook was driving the truck. Shook and his passenger had just left the Dugout, a local bar.

Lynch became suspicious of the vehicle after following it for a short distance and pulled it over on a traffic stop. As Lynch approached the truck, it accelerated. Lynch then fired multiple shots at the truck. The truck sped away. Lynch gave chase. Shook eventually evaded Lynch and hid in some woods.

## II. *Background Proceedings.*

As a result of this incident, Shook filed an action against the city and Lynch. The petition alleged separate section 1983 claims against both defendants. *See* 42 U.S.C. § 1983.

The section 1983 claim against the city asserted that the city had (1) failed to properly train, supervise, and discipline its officers, including Lynch, (2) failed to establish, maintain, and enforce a proper system for investigating and handling citizen complaints of police misconduct, and (3) a de facto policy and custom of tolerating police officers' misconduct.

The section 1983 claim against Lynch asserted that he had violated Shook's constitutional rights to be free from excessive force and from deprivations of liberty and property without due process of law.

Shook also asserted common law claims against both defendants for (1) assault, (2) intentional infliction of emotional distress, (3) false arrest, and (4) negligence.

The city and Lynch filed answers. They denied the allegations and asserted several affirmative defenses.

The case proceeded to the discovery stage. In his fourth request for production

of documents, Shook asked for two things pertinent to this appeal: (1) the internal investigation unit (IIU) files for Lynch, five other police officers, and one communications clerk employed by the Davenport police department; and (2) the shooting board of review (SBR) files for all Davenport police officers from March 1983 to March 1991. (The SBR reviews police shootings to determine whether the firing of an officer's weapon was justified. Apparently, the SBR files contain information found in the IIU's files.)

The city and Lynch individually responded. The city objected to the production of the IIU files on the grounds of work product, irrelevancy, and overbreadth. (Previously, the city had voluntarily provided Shook with all reports relating to the shooting incident which is the basis for this suit. The city did so even though it . claimed these records were privileged.)

Lynch objected that he was not in possession of the desired materials. He also asserted three privileges: (1) that the materials were prepared in anticipation of litigation, (2) a police investigative report privilege, and (3) a police intelligence information privilege.

As to the SBR files, the city objected on the grounds of relevancy, burdensomeness, and overbreadth. Lynch responded that he did not have possession or control of the documents.

Shook then filed a motion to compel production under Iowa Rule of Civil Procedure 134. Again, the city and Lynch resisted separately on several grounds. One of those grounds was that the materials were not discoverable under Iowa Rule of Civil Procedure 122(c) because they were work product prepared in anticipation of litigation.

Following a hearing on the motion to compel, the district court overruled the city's and Lynch's resistances and granted Shook's motion. The district court's order directed, by implication, that the SBR files be immediately turned over to Shook. The order also directed that the IIU files be released to Shook if he could establish "the

requisite level of necessity as set forth in Iowa case law."

It is from this order in its entirety that the city and Lynch applied to us for permission to appeal in advance of final judgment. See Iowa R.App. P. 2. We granted the application.

### III. Scope of Review.

 Our review of discovery rulings is limited. The district court has wide discretion in ruling upon the question of whether requested information is discoverable. Schaffer v. Rogers, 362 N.W.2d 552, 555 (Iowa 1985). We reverse only for an abuse of discretion. Id. Such a reversal is warranted when the district court's ruling rests upon grounds or reasons clearly untenable or unreasonable. State v. National Dietary Research, Inc., 454 N.W.2d 820, 822 (Iowa 1990). A ruling based on an erroneous interpretation of a discovery rule can constitute an abuse of discretion. Schaffer, 362 N.W.2d at 555.

### IV. Discoverability of the IIU and SBR Files Under Iowa Rule of Civil Procedure 122(c).

Iowa Rule of Civil Procedure 122 defines the scope of discovery. Rule 122(a) describes generally what is discoverable:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

a. In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis added.) This part of the rule provides for liberal discovery regarding matters relevant to the subject matter of a civil action. In its order the district court found that Shook has to prove, as part of his civil rights claims, that the city and Lynch were involved in a course of conduct that allowed the violation of one's civil rights. On this basis the court found the records relevant to support Shook's claims.

As this court earlier recognized, "Rule 122 ... is modeled on Federal Rule of Civil Procedure 26(b), and the history and cases under the federal rule provide guidance in interpreting the Iowa counterpart." *Ashmead v. Harris*, 336 N.W.2d 197, 199 (Iowa 1983).

■ Rule 122(a) expressly prohibits discovery of privileged information. Attorney-client privilege comes readily to mind as an example. Any confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir.1977) (holding that attorney-client privilege is absolute under Federal Rule of Civil Procedure 26(b)(1), the federal counterpart of Iowa Rule of Civil Procedure 122(a)).

More pertinent to this case is subsection "c" of Rule 122. It provides in relevant part:

[A] party may obtain discovery of documents and tangible things *otherwise discoverable under subdivision "a" of this rule and prepared in anticipation of litigation* or for trial by or for another party or by or for that other party's representative ... *only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials *when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attor-*

*ney or other representative of a party concerning the litigation.*

(Emphasis added.)

■ Rule 122(c) tracks verbatim Federal Rule of Civil Procedure 26(b)(3). Federal Rule 26(b)(3) was added in 1970 and codifies the "work product" privilege dealt with in the landmark discovery case of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In short the Supreme Court recognized in *Hickman* a qualified privilege or immunity from discovery of the lawyer's work product. Such work product is discoverable only on a showing of "necessity or justification." *Hickman*, 329 U.S. at 510, 67 S.Ct. at 393, 91 L.Ed. at 462. However, so much of the work product that reflects the mental impressions or opinions of the lawyer is, for all practical purposes, absolutely immune from discovery. *Id.* at 512–13, 67 S.Ct. at 395, 91 L.Ed. at 463.

The language of federal Rule 26(b)(3) makes it clear that

[i]n order to come within the qualified immunity from discovery created by Rule 26(b)(3) three tests must be satisfied. The material must be:

1. documents and tangible things;

2. prepared in anticipation of litigation or for trial; and

3. by or for another party or by or for that other party's representative.

8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2024, at 196–97 (1970). As one court observed, [f]rom a reading of Rule 26(b)(3) and of the discussion of the work product rule appearing in 8 [Charles A.] Wright & [Arthur R.] Miller, [*Federal Practice & Procedure* ] §§ 2021–28 [1970], it is at once apparent that the qualified immunity or privilege accorded to "work product" by the rule is to some extent broader than the absolute attorney-client privilege.... While the "work product" may be, and often is, that of an attorney, the concept of "work product" is not confined to information or materials gathered or assembled by a lawyer. Further, a communication may be immune from discovery as work product even though it

was not made to or by a "client" of an attorney.

However, the text of the rule makes it clear that the information or materials sought to be protected as "work product" must have been obtained "in anticipation of litigation or for trial." Otherwise, the privilege, often referred to as "qualified immunity" is not available.

*Meredith,* 572 F.2d at 603.

In *Ashmead v. Harris,* 336 N.W.2d 197 (Iowa 1983), this court held that the work product privilege in Iowa Rule 122(c) extended to an automobile insurer's investigation of an accident between the insured and a third party. We said the determinative issue is whether the primary motivating purpose for the creation of the materials in question was to prepare for litigation. *Id.* at 201.

Later in *Schaffer v. Rogers,* 362 N.W.2d 552 (Iowa 1985), this court, adhering to the primary purpose test stated in *Ashmead,* held that the work product privilege covered witness statements obtained by the internal affairs unit of the Des Moines police department. The statements were sought in a civil rights suit stemming from an incident in which the plaintiffs alleged several Des Moines police officers had assaulted them. The internal affairs unit had investigated the incident and had obtained the statements in question. Uncontroverted testimony from the internal affairs officers who had investigated the incident led this court to conclude that the primary purpose of the investigation was to prepare for litigation that might arise from the incident. *See Schaffer,* 362 N.W.2d at 555.

■ Here there was uncontroverted evidence in the form of an affidavit of Lieutenant Jack Ackerman. Ackerman has been the Davenport police department internal affairs officer since January 30, 1989. His affidavit says this:

If a citizen makes a complaint regarding a police officer or department employee, I conduct an investigation of the complaints by interviewing the parties involved and witnesses to the incident and reviewing any pertinent evidence.

The investigation is conducted on behalf of the city's legal department to *primarily* prepare for the potential of civil litigation and also to determine whether the incident warrants imposing department disciplinary action or the criminal prosecution of the officer.

*My investigation procedures and purposes are consistent with past practices of the previous internal affairs officers of the police department.*

In our view, this affidavit meets the *Ashmead* and *Schaffer* primary purpose test regarding materials pertinent to the present incident and past incidents. There is no issue as to materials regarding the present incident; the city has already disclosed those materials to Shook. The rub comes with the *past* IIU and SBR files for Lynch, the five other police officers, and the communications clerk. As to these files, the district court ruled that records prepared in anticipation of litigation—no longer subject to litigation because of their age—lose any privilege. For reasons that follow, we disagree.

■ Although there is authority to the contrary, the weight of modern authority—both federal and state—is that the work product privilege is perpetual. That is, the privilege applies to documents prepared in anticipation of terminated litigation. *See FTC v. Grolier, Inc.,* 462 U.S. 19, 28, 103 S.Ct. 2209, 2215, 76 L.Ed.2d 387, 395 (1983); *In re Murphy,* 560 F.2d 326, 334 (8th Cir. 1977); *In re Grand Jury Subpoena Dated November 8, 1979,* 622 F.2d 933, 935 (6th Cir.1980); *United States v. Leggett & Platt, Inc.,* 542 F.2d 655, 660 (6th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); *Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 487 F.2d 480, 484–85 (4th Cir.1973); *Grove v. Department of Justice,* 802 F.Supp. 506, 514 (D.D.C.1992); *Watson v. United States Dep't of Justice,* 799 F.Supp. 193, 195–96 (D.D.C.1992); *United States v. O.K. Tire & Rubber Co.,* 71 F.R.D. 465, 468 n. 7 (D.Idaho 1976); *SCM Corp. v. Xerox Corp.,* 70 F.R.D. 508, 516 (D.Conn.), *appeal dismissed,* 534 F.2d 1031 (2d Cir.1976); *Burlington Indus., Inc. v. Exxon Corp.,* 65

F.R.D. 26, 43 (D.Md.1974); *Fellows v. Superior Court*, 108 Cal.App.3d 55, 61–63, 166 Cal.Rptr. 274, 278–79 (1980); *Popelka, Allard, McCowan & Jones v. Superior Court*, 107 Cal.App.3d 496, 501, 165 Cal. Rptr. 748, 752 (1980); *Alachua Gen. Hosp., Inc. v. Zimmer USA, Inc.*, 403 So.2d 1087, 1089 (Fla.App.1981); *American Bldgs. Co. v. Kokomo Grain Co.*, 506 N.E.2d 56, 62 (Ind.App.1987); *Kuiper v. District Court*, 193 Mont. 452, 464–65, 632 P.2d 694, 701 (1981); *Owens–Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 751–52 (Tex. 1991). One court expressed the rationale for the privilege extension this way:

> The primary purpose of the work product privilege is to assure that an attorney is not inhibited in his representation of his client by the fear that his files will be open to scrutiny upon demand of an opposing party. Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client. The work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought. What is needed, if we are to remain faithful to the articulated policies of *Hickman*, is a perpetual protection for work product, one that extends beyond the termination of the litigation for which the documents were prepared. Any less protection would generate the very evils that the Court in *Hickman* attempted to avoid.

*In re Murphy*, 560 F.2d at 334.

As the federal cases point out, such an extension of the work product privilege does not frustrate the ends of justice. The reason is because the privilege is a qualified one. Except for mental impressions, conclusions, opinions, or legal theories, the court can order production upon the requisite showing. *In re Murphy*, 560 F.2d at 335; *Leggett & Platt, Inc.*, 542 F.2d at 660; *Duplan Corp.*, 487 F.2d at 485.

We are persuaded by the foregoing rationale cited in *In re Murphy*. We are also persuaded by the fact that the work product privilege is a qualified one. For these reasons, we now hold that the work product privilege in Iowa Rule of Civil Procedure 122(c) extends to documents prepared in anticipation of terminated litigation. Contrary to the district court's ruling, the past IIU and SBR files are privileged as work product. The SBR files are included because they apparently contain information found in the IIU files. Our conclusion leads us to the next issue we must decide.

### V. Did Shook Make a Sufficient Showing Under Rule 122(c)?

■ It was Shook's burden to show that he had a "substantial need of the materials in the preparation of his case and that he [was] unable without undue hardship to obtain the substantial equivalent of the materials by other means." Iowa R.Civ.P. 122(c). *Schaffer* tells us what this language means.

At the very least, Shook must make an independent discovery effort to obtain the same information. He must show that he has either interviewed these witnesses or deposed them without success. *Schaffer*, 362 N.W.2d at 556. Shook made no showing that he did either.

### VI. Procedure to Follow on Remand.

■ Our holdings require us to reverse the district court's order because of an abuse of discretion. We expect that, on remand, Shook will attempt to make the requisite showing of an unsuccessful independent discovery effort. If Shook makes the requisite showing, the court should then conduct an in camera inspection of the documents. In this process the city and Lynch are still entitled to protection from disclosure of "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" contained in the IIU files and in any IIU information found in the SBR files. Iowa R. Civ. P. 122(c); *In re Murphy*, 560 F.2d at 336 (opinion work product enjoys a nearly absolute immunity

and can be discovered only in very rare and extraordinary circumstances); *Leggett & Platt, Inc.*, 542 F.2d at 660. The court should separate out opinion work product protected by Rule 122(c) and permit disclosure of only factual material.

## VII. *Disposition.*

The district court erroneously interpreted Iowa Rule of Civil Procedure 122(c) in fashioning its discovery ruling. For this reason the court abused its discretion. We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**