**Douglas Lee GRIFFITH, Plaintiff–Appellant,**

v.

**Mardeen MOSS, Defendant–Appellee.**

**Mardeen MOSS, Counterclaimant–Appellee,**

v.

**Douglas Lee GRIFFITH, Counterclaim Defendant–Appellant,**

**and**

**City of Des Moines, Counterclaim Defendant.**

No. 95–1309.

Court of Appeals of Iowa.

Aug. 30, 1996.

James W. Carney of Carney, Williams, Blackburn, Grask & Appleby, Des Moines, and Stephen V. Nielsen, Des Moines, for Plaintiff–Appellant.

Henry A. Harmon and Mark A. Schultheis of Grefe & Sidney, P.L.C., Des Moines, and Thomas Hyland of Hyland, Laden and Pearson, P.C., Des Moines, for Defendant–Appellee.

Considered by SACKETT, C.J., and CADY and VOGEL, JJ.

SACKETT, Chief Judge.

The focal issue in this appeal where both parties sought recovery following an automobile accident is whether plaintiff-appellant Douglas Griffith should have a new trial because he was not supplied a copy of a statement defendant-appellee Mardeen Moss gave to her liability insurance carrier in the month following the accident. We affirm.

The accident that gives rise to this litigation happened when Moss was attempting to make a left-hand turn into a school parking lot. Griffith, an officer with the Des Moines police department, was driving an unmarked police car that collided with the vehicle Moss was driving. The posted speed limit in the area of the impact was twenty-five miles per hour. Moss claimed at the time she started to make the turn no other vehicle was in sight. An engineer testifying for Moss placed Griffith's speed at about fifty-six miles per hour when he started to brake.

Griffith sued Moss claiming the accident was her fault. Moss contended the accident was Griffith's fault and counterclaimed against both Griffith and his employer, the City of Des Moines. The City of Des Moines did not challenge the verdict and is not a party to this appeal.

During the course of discovery, it was learned through Moss's expert she had, at some time, given a statement to her insurance company. Griffith filed a motion to compel the production of the statement to cross-examine the expert. The City filed a similar motion seeking the document contending there was no substantial equivalent available.

According to the briefs of Griffith and Moss,[1] the trial judge overruled the motions on the basis Moss's expert did not recall what she said in her transcribed statement. The jury found Griffith to be eighty-two percent at fault and Moss to be eighteen percent at fault. The jury fixed Moss's damages at $209,253. This was reduced by her percentage of fault and a judgment was entered in her favor. This appeal follows.

Griffith on appeal contends the district court erroneously overruled his motion to compel and/or exclude testimony and also that the district court erroneously overruled the motion to compel filed by the City of Des Moines. Griffith contends he was entitled to the statement. He further contends he was entitled to it for impeachment purposes and the court should have looked at it in camera. Griffith's brief does not set forth how error was preserved on all the issues advanced. Moss contends error was not preserved on all issues raised by Griffith.

The accident which happened on February 7, 1992, was investigated by the Des Moines police department. The report, filed the same day by two officers investigating the accident, stated Moss told them in the hospital she was attempting to make a left-hand turn into the school parking lot to take a key to a child who had locked himself out of his car. She further said she did not see Griffith's car until she was into her turn.

■ Our review of discovery rulings is limited. *Shook v. City of Davenport,* 497 N.W.2d 883, 885 (Iowa 1993). The district court has wide discretion in ruling upon the question of whether requested information is discoverable. *Schaffer v. Rogers,* 362 N.W.2d 552, 555 (Iowa 1985). We reverse only for an abuse of discretion. *Id.* Such a reversal is warranted when the district court's ruling rests upon grounds or reasons clearly untenable or unreasonable. *State v. National Dietary Research, Inc.,* 454 N.W.2d 820, 822 (Iowa 1990). A ruling based on an erroneous interpretation of a discovery rule can constitute an abuse of discretion. *Schaffer,* 362 N.W.2d at 555; *see also Ashmead v. Harris,* 336 N.W.2d 197, 199 (Iowa 1983); *Pollock v. Deere & Co.,* 282 N.W.2d 735, 738 (Iowa 1979).

Iowa Rule of Civil Procedure 122 defines the scope of discovery. Rule 122(a) describes generally what is discoverable:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

*a. In General.* Parties may obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Iowa R. Civ. P. 122(a) (emphasis added). This part of the rule provides for liberal discovery regarding matters relevant to the subject matter of a civil action. *See Shook,* 497 N.W.2d at 885. Rule 122(a) expressly prohibits discovery of privileged information. *Id.*

Subsection "c" of Rule 122 provides, in relevant part:

[A] party may obtain discovery of documents and tangible things *otherwise discoverable under subdivision "a" of this rule and prepared in anticipation of litigation* or for trial by or for another party or by or for that other party's representative ... *only upon a showing that the party seeking discovery has substantial*

---

1. Neither Griffith's nor Moss's brief makes any reference to where in the record this ruling can be found. Griffith's brief says the trial court overruled the motions on the basis Moss's expert did not recall what Moss had said in her transcribed statement. Moss merely states the motions were overruled and gives no basis for the ruling. The second ruling of the trial judge referred to in the brief would indicate the trial court overruled the motions on the basis the expert stated on deposition he did not recall anything in Moss's statement.

*need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials *when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.*

Iowa R. Civ. P. 122(c) (emphasis added).

Griffith argues the statement was not given in anticipation of litigation and he has shown a substantial need and undue hardship if he does not get the statement.

The work product privilege in Iowa Rule of Civil Procedure 122(c) extends to an automobile insurer's investigation of an accident between the insured and a third party. *Ashmead,* 336 N.W.2d at 201. The determinative issue is whether the primary motivating purpose for the creation of the materials in question was to prepare for litigation. *Id.; see also Schaffer,* 362 N.W.2d at 555, where the court held the work product privilege covered witness statements obtained by the internal affairs unit of the Des Moines police department. The statements were sought in a civil rights suit stemming from an incident in which the plaintiffs alleged several Des Moines police officers had assaulted them. The internal affairs unit had investigated the incident and had obtained the statements in question. Uncontroverted testimony from the internal affairs officers who had investigated the incident led the court to conclude the primary purpose of the investigation was to prepare for litigation that might arise from the incident. *Id.*

The privilege covers the statement in question. The privilege, except for mental

impressions, conclusions, opinions, or legal theories, is a qualified one. *Shook,* 497 N.W.2d at 888. The court can order production upon the requisite showing. *Id.*

It therefore became Griffith's burden to show he had a substantial need for the materials in the preparation of his case and he was unable without hardship to obtain the materials by other means. Iowa R. Civ. P. 122(c); *see also Shook,* 497 N.W.2d at 888.

Griffith had the opportunity to discover Moss's version of the events. He took an extensive deposition. He contends that her recollection of the events when she gave the statement, apparently about April 1992, was fresher. A police officer for the City talked to Moss the day of the accident and these statements were recorded in the accident report that is a part of the file. Even if Griffith has preserved error on this issue, we find no abuse of discretion. There is no showing of any prejudice to Griffith in not getting the statement and he clearly cannot show the information was not available to him otherwise.

Griffith further contends the trial court should have looked at the statement in camera and he should have had it for impeachment purposes. We have examined these issues on the record made and find them to be without merit.

**AFFIRMED.**

STREIT, J., takes no part.