Connie M. **MILLER** and Keith V. **Miller**, Appellants,

v.

**CONTINENTAL INSURANCE COMPANY; Schall Claim Service, Inc.; and Schall Enterprises, Inc.,** Appellees.

No. 85–1262.

Supreme Court of Iowa.

Aug. 20, 1986.

Benjamin W. Blackstock and Lew Eells of Eells, Blackstock, Affeldt & Harms, Cedar Rapids, for appellants.

James R. Snyder, Gregory M. Lederer and Matthew J. Petrzelka of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, and James M. Powers of Hines, Pence, Jackson, Day & Powers, Cedar Rapids, for appellees.

McGIVERIN, Justice.

All parties sought and were granted permission to file interlocutory appeals, Iowa Rule of Appellate Procedure 2, concerning discovery orders entered in a suit brought by plaintiffs alleging bad faith against the insurance carrier and claims adjuster of a third-party with whom one plaintiff was involved in an automobile accident. Upon consideration of the issues raised, we affirm in part, reverse in part and remand.

On February 9, 1983, plaintiff Connie Miller and Harold Eichhorn were involved in a two-vehicle accident. Eichhorn was insured by defendant Continental Insurance Company. Continental hired defendant Schall Claim Service, Inc., to adjust the matter in behalf of Continental and Eichhorn. The parties dispute the nature and extent of settlement negotiations that occurred between Schall and plaintiffs, who allegedly were unaware that there was a statute of limitations on their claim. Iowa Code § 614.1(2) (1983). As the date for the statute of limitations approached, Schall's adjuster intentionally did not return plaintiffs' phone calls until after he believed the two-year statute of limitations had expired.

On Friday, February 8, 1985, plaintiffs Connie Miller and her husband, Keith Miller, contacted their attorney concerning the automobile accident. Given the late hour of the day, the attorney was not able to file the lawsuit against Eichhorn until the following Monday, February 11. This lawsuit against Eichhorn was filed in Johnson county. In that suit, Eichhorn's attorneys filed an answer and counterclaim setting forth the statute of limitations as an affirmative defense. The affirmative defense later was dropped after the present

action against the insurer and adjuster was commenced in Linn county.

This Linn county action against defendants alleges damages based on fraud, bad faith settlement of their claim, violations of Iowa Code chapter 507B and section 507B.4, severe emotional distress, malicious actions by defendants, violations of the rights and interests of plaintiffs, and bad faith acts and representations made during the settlement of an insurance claim.

All parties commenced discovery proceedings. The first issue we address here arose during plaintiffs' attempt to depose defendants' claims adjuster, M.C. Butz. Plaintiffs questioned the adjuster regarding his intentional refusal to answer or return plaintiffs' phone inquiries until after he believed that the statute of limitations had run on the underlying claim against Eichhorn and whether he had any duties to plaintiffs relating to settlement of claims. Defendants' attorney instructed the witness not to answer those questions at the deposition because those questions related to the subject of a prior protective order of the court.

Before the district court ruled on plaintiffs' motion to compel answers to the deposition questions, defendants filed a motion for summary judgment, Iowa Rule of Civil Procedure 237, contending that plaintiffs had failed to state any claim upon which relief could be granted under any of the multiple counts alleged in their petition. The court ruled that the motion for summary judgment should be considered and ruled upon prior to the motion to compel. This ruling was upheld upon plaintiffs' motion to reconsider. Iowa R.Civ.P. 179(b). Plaintiffs have appealed from this ruling.

On cross-appeal, defendants challenge the district court's ruling that they may not depose plaintiffs' attorney. The ruling was based on the attorney-client privilege. *See* Iowa Code § 622.10. Defendants contend that the privilege was waived because plaintiffs testified in sworn affidavits concerning the conversations they had with their attorney about the statute of limitations issue. During plaintiffs' depositions, their attorney objected to defendants' questioning in this area on the ground that it was violative of the attorney-client privilege. However, he declined to instruct his clients not to answer the questions and plaintiffs did answer the deposition questions concerning the information their attorney told them concerning the statute of limitations.

The final discovery order which we consider on defendants' cross-appeal concerns the district court's ruling that defendants must produce Schall's adjusting file. Defendants maintain that the claims file should be protected from discovery until such time as the district court has had an opportunity to rule on defendants' motion for summary judgment.

We address these three issues: 1) whether the district court properly held that a ruling on defendants' motion for summary judgment must precede a ruling on plaintiffs' motion to compel answers to deposition questions to adjuster Butz; 2) whether the district court properly refused to allow defendants to depose plaintiffs' attorney; and 3) whether the court properly held that defendants' claim file was discoverable.

I. *The discovery and summary judgment issue.*

A. *Discovery motion.* The first issue we consider is whether the district court properly ruled that defendants' motion for summary judgment should be adjudicated prior to plaintiffs' motion to compel defendants' claims adjuster Butz to answer certain deposition questions propounded to him. Iowa R.Civ.P. 134(a)(2). In its ruling, the district court reasoned that the summary judgment motion could be dispositive of the case, thus making further discovery unnecessary. Plaintiffs argue that they should be allowed to conduct disovery in order to discover facts to enable them to effectively resist the motion for summary judgment.

The general principles governing summary judgment are well established. *Colton v. Branstad*, 372 N.W.2d 184, 187–88 (Iowa 1985). Such a motion may be granted only where the prevailing party has demonstrated as a matter of law that he or she is

entitled to judgment on the merits. Iowa R.Civ.P. 237(c). If the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits show no genuine issue of material fact, summary judgment is proper. *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 890–91 (Iowa 1981); *see also Roberts v. Bruns*, 387 N.W.2d 140, 143 (Iowa 1986) (summary judgment granted after consideration of petition and affidavits). If a genuine question of material fact remains, the motion must be denied. *Moser*, 312 N.W.2d at 892.

The district court has broad discretion in ruling upon the discoverable nature of requested information and will not be reversed in the absence of an abuse of discretion. *State ex. rel. Shanahan v. Iowa District Court*, 356 N.W.2d 523, 526 (Iowa 1984). Discretion is abused when it is exercised on clearly untenable grounds or to an unreasonable extent. *Ashmead v. Harris*, 336 N.W.2d 197, 199 (Iowa 1983).

With these general principles in mind, we must determine whether the district court correctly refused to consider plaintiffs' discovery motion until a ruling on defendants' motion for summary judgment was made.

This issue was raised and decided in *Carter v. Jernigan*, 227 N.W.2d 131 (Iowa 1975). There we limited the district court's discovery discretion by concluding that rulings on motions relative to discovery should be made before a summary judgment is considered. Our reasoning was as follows:

A party whose necessary evidence rests in the bosom or files of his adversary can place the adversary on the stand at trial and seek to extract the facts from him. Before the day of discovery procedure, not infrequently this was the only avenue open to a party. But summary judgment proceedings come before trial, and a party faced with a summary judgment motion may have to use one of the discovery devices or suffer adverse judgment. See rule 237(e) and (f). Hence the modern decisions hold that a party against whom a summary judgment motion is made

should first be allowed to discover the facts if he desires.

*Id.* at 135. We have since reaffirmed this holding. *Moser*, 312 N.W.2d at 891; *Iowa State Department of Health v. Hertko*, 282 N.W.2d 744, 755 (Iowa 1979).

■ Turning now to the facts in the present case, we consider plaintiffs' claim that they should be allowed to complete discovery before the motion for summary judgment is submitted to the district court.

Plaintiffs seek to compel defendants' claims adjuster to answer questions relating to the adjuster's refusal to answer plaintiffs' phone inquiries until he believed the statute of limitations had run on the claims against Eichhorn. They also seek information from the adjuster regarding any duties he might have had to plaintiffs in adjusting or settling their claim.

This is a case where the facts which plaintiffs must prove are peculiarly within the knowledge of defendants. Some of these facts may be crucial to plaintiffs' claims. Under such circumstances, we conclude it would be unjust to plaintiffs to require ruling on defendants' motion for summary judgment before plaintiffs have an opportunity to complete reasonable discovery. *See Carter*, 227 N.W.2d at 135–36. There is no substantial prejudice to defendant in delaying a disposition on the motion for summary judgment until plaintiffs' motion to compel has been considered by the district court.

Summary judgment is a substitute for trial, but the procedure must not be so summary as to deprive a litigant of a reasonable opportunity to meet the issues presented in the motion for summary judgment. *Id.*

Accordingly, we conclude that the motion to compel discovery should be considered on its merits and ruled upon by the district court prior to submission of the motion for summary judgment. The district court must reconsider on remand the motion for discovery.

By our ruling on this discovery issue, we make no intimation as to our view on the

merits of any contention made in plaintiffs'· motion to compel or defendants' motion for summary judgment.

B. *Sanctions.* Plaintiffs also seek sanctions against defendants for expenses incurred in obtaining the discovery order. Sanctions for failure to make discovery are authorized by Iowa Rule of Civil Procedure 134. Although the rule does allow a moving party to seek expenses from "the party or deponent whose conduct necessitated the motion," it also states that if the court finds that "the opposition to the motion was substantially justified," expenses will not be awarded. Iowa R.Civ.P. 134(a)(4).

Here, defendants were faced with a discovery issue about which there could be much dispute. *Cf. Sandhorst v. Mauk's Transfer, Inc.*, 252 N.W.2d 393, 399 (Iowa 1977) (sanctions properly imposed where admissions requested were not complex issues that could be disputed at trial). Defendants' position was not an unreasonable one concerning discovery of the insurance adjuster's file, procedures and impressions. *See Ashmead v. Harris*, 336 N.W.2d at 201. Also, defendants assert plausible arguments, with which the district court agreed, that a ruling in defendants' favor on the motion for summary judgment would make unnecessary any ruling on the discovery issues.

Thus, we do not deem it appropriate to impose sanctions against defendants pursuant to rule 134(a)(4) under the present record.

II. *Attorney-client privilege.* In their petition, plaintiffs alleged that defendants' acts amounted to outrageous conduct and were intended to cause emotional distress. *See Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 44 (Iowa 1984). In their affidavits filed in resistance to defendants' motion for summary judgment, plaintiffs contended they suffered emotional distress when they were informed by their attorney, Benjamin Blackstock, as to how the statute of limitations may affect their case.

On cross-appeal, defendants contend the district court erred when it refused to allow defendants to examine plaintiffs' attor-ney concerning any advice he may have given to plaintiffs regarding the effect of the statute of limitations on their claim. Defendants assert that some of the information they seek is not privileged, and, in the alternative, if it is privileged, plaintiffs waived the right to object when they disclosed certain information in the affidavits. Defendants also contend plaintiffs waived their privilege during their depositions wherein counsel objected to certain questions on the basis of the attorney-client privilege but did not direct his clients not to answer. During the depositions, these questions were answered by plaintiffs.

Thus, the issue is whether plaintiffs may disclose a privileged attorney communication about a matter that is relevant and material to issues in the case, and then invoke a privilege to prevent disclosure of other communications by the attorney about the same matter. We consider each instance of alleged disclosure. Because of our conclusion as to the first disclosure which occurred in plaintiffs' affidavits, however, we need not decide whether the privilege was waived in the depositions.

■ Iowa Code section 622.10 governs the attorney-client privilege. It provides in part:

A practicing attorney ... who obtains information by reason of the person's employment ... shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

Because it impedes the full and free discovery of the truth, the attorney-client privilege is strictly construed. *See Chidester v. Needles*, 353 N.W.2d 849, 852 (Iowa 1984).

Consequently, we have held that voluntary disclosure of the content of a privileged communication constitutes waiver as to all other communications on the same

subject. *See* Iowa Code § 622.10 (privilege does not apply when person, in whose favor prohibition is made, waives the right); *State v. Cole*, 295 N.W.2d 29, 35 (Iowa 1980) (recognizing theory of waiver in physician-patient relationship); *Kantaris v. Kantaris*, 169 N.W.2d 824, 830 (Iowa 1969) ("A client waives objection to an attorney's testimony when the client testifies to the communications.").

Professor Wigmore explains:

[W]hen [the privilege holder's] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or to disclose, but after a certain point his election must remain final.

8 J. Wigmore, *Evidence* § 2327 at 636 (McNaughton rev. 1961).

▪ Plaintiffs contend that they cannot be found to have waived the attorney-client privilege because they did not intend to do so when they made the disclosures in their affidavits. However, after considering these affidavits, we conclude that waiver occurred.

In Connie Miller's affidavit, she thoroughly discusses the conversations that she and her husband had with their attorney concerning the statute of limitations. Keith Miller's affidavit alludes to the same conversations. Against this, plaintiffs' bare assertions that neither intended to waive the privilege are insufficient to prove non-waiver.

We conclude, therefore, that plaintiffs have waived their attorney-client privilege only as to communications about the matter actually disclosed, which involved the substance of their attorney's advice regarding the statute of limitations issue in plaintiffs' case.

When, as here, the privileged communication is voluntarily disclosed without objection by the asserting party's counsel, as was done during the affidavits, it is unnecessary for us to look beyond this disclosure

and consider whether the privilege was waived during the depositions which covered substantially the same subject matter.

We reverse the district court's ruling sustaining plaintiffs' motion for protective order regarding their attorney and remand with instructions that attorney Blackstock may be deposed by defendants and directed to respond to questions regarding the statute of limitations issue he discussed with the Millers.

III. *Discovery of claims file.* The final discovery issue we consider is whether plaintiffs' motion to compel discovery of defendant insurance company's claims file on the Millers was properly sustained by the district court. Plaintiffs sought four types of information:

1. All memorandum, notations, and written records of any kind, whatsoever, relating to any phone calls or communications made to Schall Claim Service by either Keith Miller or Connie Miller.

2. A copy of the insurance contract insuring Harold Eichhorn for liability claims.

3. All memorandum, notes, or written evidence of any kind, whatsoever, referring to or involving the claim of Keith Miller or Connie Miller and any claim made by either Keith Miller or Connie Miller.

4. All maps, diagrams, photographs, drawings or any other depiction of the accident scene, vehicles, terrain, or location of the accident involving the vehicle driven by Connie Miller and the vehicle driven by Harold Eichhorn.

Request numbered two, a copy of the insurance contract, was provided to plaintiffs by defendants. Thus, our inquiry concerns only items one, three and four. Defendants' position is that with the exception of investigation materials and settlement negotiations, plaintiffs' requests can receive full responses after defendants' motion for summary judgment is adjudicated.

Because we have concluded in division one that plaintiffs' discovery motions must be ruled upon prior to the motion for sum-

mary judgment, we address the propriety of plaintiffs' requests.

We have previously concluded that records from an insurance company regarding a claim of outrageous conduct are clearly discoverable and admissible. *Amsden v. Grinnell Mutual Reinsurance Co.,* 203 N.W.2d 252, 256 (Iowa 1972). The district court impliedly found that the claims file was relevant and there was a showing of substantial need. Iowa R.Civ.P. 122(c); *Ashmead,* 336 N.W.2d at 201–02. Under defendants' theory that the claims file was not discoverable because it was "prepared in anticipation of litigation," there would be no access to adjuster's files because all of such material arguably is prepared in anticipation of litigation.

■ We believe that requests numbered one and three are relevant to plaintiffs' claim against the insurance company and its adjusting agency. However, as to item three, no memorandums or written materials bearing on the manner of how the Miller-Eichhorn accident occurred and the damages therefrom need be produced. The trial court may rule on any disputes between the parties concerning this matter. Request numbered four also has nothing to do with the claims based on bad faith and outrageous conduct against these defendants. It is not relevant to the present action, and, thus, it is not discoverable under this record.

IV. *Disposition.* In summary, we conclude as follows:

1. Plaintiffs are permitted a reasonable opportunity to complete discovery in the deposition of adjuster Butz, and their motion in connection therewith should be ruled upon prior to any ruling on defendants' motion for summary judgment; thus, the district court's ruling to the contrary is reversed;

2. Defendants will be allowed to depose plaintiffs' attorney regarding the conversations with his clients concerning the statute of limitations issue; thus, the district court's ruling to the contrary is reversed;

3. Defendants must produce the documents requested by plaintiffs in paragraphs numbered one and two of their motion to produce, as well as any documents relevant only to the issues in this action requested in paragraph numbered three. No production of the items in paragraph numbered four is required at this time.

The case is remanded for further appropriate proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

All Justices concur except REYNOLDSON, C.J., and NEUMAN, J., who take no part.