Terry Dean KRUEGER,
Plaintiff–Appellant,

v.

IOWA RAILS TO TRAILS, INC.; and
Linn County Conservation Board,
Linn County, Iowa, Defendants,

and

Fremont Indemnity Company,
Defendant–Appellee.

No. 87–1131.

Court of Appeals of Iowa.

Nov. 29, 1988.

Edward N. McConnell and David S. Wiggins of LaMarca, Marcucci, Wiggins & Anderson, West Des Moines, for plaintiff-appellant.

John M. Bickel, Diane Kutzko, and Douglas R. Oelschlaeger of Shuttleworth & Ingersoll, Cedar Rapids, for defendant-appellee Fremont.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Plaintiff Terry Dean Krueger appeals the district court's entry of summary judgment in favor of defendant Fremont Indemnity Company in a declaratory judgment action brought by Krueger against Fremont. Fremont alleged, and the trial court agreed, that Krueger, an employee of Iowa Rails to Trails (IRTT), was not entitled to insurance coverage under the named insured's policy with Fremont due to the policy's employee exclusion provision. We affirm.

Plaintiff Krueger was seriously injured on July 3, 1984, when he fell from a bridge on the Cedar Valley Nature Trail, a recreational facility operated by the Linn County Conservation Board and located on land owned by Linn County. At the time of his injury, Krueger was doing work for IRTT,

a volunteer organization which provided labor for work on the Cedar Valley Nature Trail.

Since IRTT did not carry worker's compensation insurance, Krueger filed an ordinary tort action against IRTT, Linn County, and the Linn County Conservation Board, pursuant to Iowa Code section 87.-21. In a declaratory judgment proceeding, Krueger also joined Linn County's general liability insurer, Fremont Indemnity Company, seeking a declaration that Fremont's policy with Linn County provided coverage for Krueger's accident.

A bifurcated trial was held. The first trial considered the issues of liability and damages against all three named defendants. The jury found that each party's negligence or fault was a proximate cause of the injury or damage to the plaintiff and assessed negligence as follows: plaintiff–50%; IRTT–10%; the County–20%; the Board–20%. The damage verdict was $886,000. Krueger attempted to collect against IRTT but the judgment was unsatisfied. In the second trial, the court rejected Krueger's request for a declaratory judgment against Fremont Indemnity and held that Fremont's general liability policy with Linn County did not provide coverage for Krueger's accident. The court rejected Krueger's argument that because he worked for IRTT, a volunteer organization of the county, he was himself a volunteer of the county and therefore entitled to coverage under the policy. The court found that Krueger's status as an IRTT employee, and the fact that Krueger's injury arose in the course of his employment, were conclusively established in the first trial. The court held that under the doctrine of issue preclusion, plaintiff was not entitled to coverage as a volunteer under the county's general liability insurance policy. The court thus granted defendant's motion for summary judgment.

In reviewing the grant or denial of a summary judgment motion, this court is guided by the same principles utilized by a trial court in making that determination.

Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Drainage Dist. No. 119 v. Inc. City of Spencer,* 268 N.W.2d 493, 500 (Iowa 1978). Entry of summary judgment is appropriate when the only conflict in the record concerns the legal consequences flowing from undisputed facts. *Jacobs v. Stover,* 243 N.W.2d 642, 643 (Iowa 1976).

Krueger first contends that the trial court erred when it decided, as a matter of law, that he was an "employee" and that his status as a "volunteer" was rendered moot under the doctrine of issue preclusion.

Our review convinces us that no issue of material fact exists with regard to Krueger's "status," either as to IRTT or Linn County. In the first trial, the issues were whether Krueger was an employee of IRTT and, if so, whether IRTT breached a duty to provide a safe work environment. In his petition, Krueger argued that IRTT was his employer and that on July 3, 1984, Krueger was working on the Bear Creek Bridge in the course of his employment and was severely injured. Upon trial, the jury found that all parties were negligent and awarded damages to Krueger in the amount of $886,000.

■ From the foregoing, it is evident that the jury's findings could not have been possible without a finding that Krueger was in fact employed by IRTT and that his injuries arose out of and in the course of such employment. In his declaratory judgment action, however, Krueger attempts to argue that for insurance purposes, he is to be considered a "volunteer" of Linn County due to the fact that IRTT is a volunteer organization of Linn County. We fail to see any merit to such a claim. The unfortunate [1] fact situation here is that while Krueger was employed by a "volunteer" organization, he was nonetheless an employee who received remuneration for his services, and under no set of facts could he ever be considered to be a "volunteer" to either IRTT or Linn County. Krueger can-

---

1. What is unfortunate here is the fact that Krueger worked for an organization that failed to provide insurance coverage for nonvolunteers.

not prevail as both an employee and a volunteer in proceedings that arose from the same event.

■ We therefore hold that the jury's findings in the negligence action as to Krueger's employment status were conclusive upon Krueger, and under the doctrine of issue preclusion, Krueger was estopped to question that adjudication in the instant case. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 126 (Iowa 1981).

Krueger next contends that the trial court should have ruled on his motion to compel discovery prior to ruling on defendant's motion for summary judgment, and the failure to do so was reversible error. He cites *Miller v. Continental Ins. Co.*, 392 N.W.2d 500, 503 (Iowa 1986), in support of his claim that the motion to compel discovery should have been considered on its merits and ruled upon by the district court prior to submission of the motion for summary judgment.

■ In *Miller*, the supreme court found that some of the facts which plaintiffs sought to prove could have been crucial to plaintiffs' claims and that there was no substantial prejudice to defendant in delaying a disposition on the motion for summary judgment. Under these facts, the court held that the motion to compel should have been considered prior to the motion for summary judgment. Here, unlike *Miller*, the material which Krueger sought to obtain was not crucial on the issue of whether Krueger was an employee of IRTT, especially since that fact was conclusively established in the prior lawsuit against IRTT, Linn County, and Linn County Conservation Board. We thus fail to find any basis for reversal upon this claim.

Krueger also claims that the trial court erred in ruling that the terms in the liability insurance policy were unambiguous. The trial court stated, and we agree, that the rules for resolving ambiguity in an insurance policy do not come into play unless it can be fairly said that there is a real ambiguity in the terms of the policy. *State Auto. & Cas. Under. v. Hartford Acc. & Ind. Co.*, 166 N.W.2d 761, 764 (Iowa 1969).

We fail to find any ambiguity in either the inclusionary or exclusionary terms of Fremont Indemnity's Insurance Policy. The employee inclusion policy states the following:

PERSONS OR ENTITIES INSURED

Each of the following is an insured hereunder to the extent set forth below:

A. the Named Insured, and the following additional insureds;

B. while acting within the scope of their duties as such,

County Board Member,

County Coordinator or Administrative Assistant,

County Attorney and Assistant County Attorneys,

Sheriff and Sheriff's Deputies,

County Clerk,

County Recorder,

County Treasurer,

County Auditor,

County Medical Examiner and Deputy,

County Engineer,

County Assessor,

County Zoning Officer,

County Conservation Officer,

Civil Defense Director, or

Any member of the governing body of the Named Insured,

Any elected or appointed official of the Named Insured,

Any member of boards or commissions of the Named Insured,

Any employee of the Named Insured,

Any volunteer of the Named Insured;

C. any person or organization while acting within the scope of their duties as real estate manager for the Named Insured;

D. This insurance does not apply to bodily injury, property damage, errors and omissions, or personal injury arising out of the conduct of any partnership or joint ventures of which the insured is a partner or member and which is not designated in this policy as a Named Insured.

E. Joint Powers between Governmental Bodies: coverage limited to the interest or sole liability of the insured.

The employee exclusion policy (exclusion C) states the following:

This policy does not apply:

\*    \*    \*    \*    \*    \*

c. Except with respect to liability assumed by the insured under contract, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured.

The "Named Insured" in this proceeding is Linn County. The trial court assumed, and we see no reason to disagree with the assumption, that Iowa Rails to Trails was a volunteer of the Named Insured under the policy, and they therefore became an insured under the policy. As an employee of the insured, Terry Krueger's injuries, arising out of and in the course of his employment with the insured, were excluded from coverage.

■ Krueger finally contends that even if the district court was correct in classifying him as employee, the policy clause excluding him from coverage is nonetheless inapplicable. He asserts that the existence of worker's compensation coverage is a condition precedent to the invocation of the employee exclusion clause. He further argues that the reason for the employee exclusion clause is to avoid double coverage situations where worker's compensation benefits are available, and that the employee exclusion clause was never intended to apply in situations where worker's compensation coverage is absent. We find plaintiff's arguments to be without merit.

We affirm the trial court's ruling in favor of defendant Fremont Indemnity Insurance Company.

AFFIRMED.