**Carl Jefferson THORNTON, Appellant,**

v.

**HUBILL, INCORPORATED, First Lincoln Holdings, Inc., a/k/a First Executive Corporation, Economy Fire & Casualty Company, and United States Fidelity and Guaranty Company, Appellees.**

**No. 96–0659**

Court of Appeals of Iowa.

Sept. 24, 1997.

Arvid D. Oliver, Des Moines, for appellant.

Mark W. Fransdal of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellees.

Considered by SACKETT, P.J., and HUITINK, J., and HAYDEN, Senior Judge.*

HUITINK, Judge.

Carl Jefferson Thornton (Thornton) appeals from an adverse summary judgment ruling dismissing his claim for breach of a settlement agreement against United States Fidelity & Guaranty Company (USF & G), Hubill, Inc. (Hubill), and Economy Fire & Casualty Company (Economy Fire). We affirm.

### I.  Background Facts and Proceedings.

In October 1984, the parties entered into a written settlement agreement arising from a personal injury action in which Thornton sustained substantial injuries.  The agreement obligated USF & G and Economy Fire, as Hubill's insurers, to pay Thornton an initial lump sum and $2000 per month at six percent annual interest for the longer of Thornton's life or twenty years.

The agreement included three documents: the settlement agreement and release, an assignment of obligation to make periodic payments, and acceptance of annuity contract and assignee, all of which Thornton and his attorney signed.  Economy Fire and USF & G purchased an annuity to fund their payment obligations and assigned liability for future payments to First Executive Corporation (First Executive).  First Executive owned the annuity.  Executive Life Insurance Company (Executive Life) made the required payments to Thornton.  Executive Life defaulted in October 1993.  Thornton filed suit against Hubill, USF & G, and

---

* Senior judge assigned by order pursuant to Iowa    Code § 602.9206 (1997).

Economy Fire in October 1994, alleging breach of their settlement agreement.

The district court granted Hubill, USF & G, and Economy Fire's motion for summary judgment. On appeal Thornton argues material issues of fact exist regarding whether the parties had a meeting of the minds, whether purchase of the annuity itself or Thornton's receipt of monthly payments relieved Hubill, USF & G, and Economy Fire of liability, and the identity of the assignee.

## II. Standard of Review.

We review an appeal from summary judgment for errors of law. Iowa R.App. P. 4. Summary judgment is appropriate only if no genuine issue of material fact exists. *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995). The moving party bears the burden of proving the nonexistence of a material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). We view the evidence in the light most favorable to the nonmoving party. *Hoffnagle v. McDonald's Corp.*, 522 N.W.2d 808, 811 (Iowa 1994). This procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence is afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). A party may not rely on the hope of the subsequent appearance of evidence generating a fact question. *Prior v. Rathjen*, 199 N.W.2d 327, 330–31 (Iowa 1972). If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423. When a motion for summary judgment is supported, the nonmoving party must respond with "specific facts showing there is a genuine issue for trial." Iowa R. Civ. P. 237(e); *Uhl v. City of Sioux City*, 490 N.W.2d 69, 74 (Iowa App.1992). If the nonmoving party does not so respond, "summary judgment, if appropriate, shall be entered against him." *Id.*

## III. Summary Judgment.

The district court found the plain, unambiguous language of the settlement agreement documents expressed the parties' intent to extinguish Hubill, USF & G, and Economy Fire's legal obligations to Thornton and to completely release Hubill, USF & G, and Economy Fire of all liability. We agree.

The pertinent language of the settlement agreement provides:

> Plaintiff [Thornton] agrees that by reason of such assumption and assignment, ... Hubill, Inc., Economy Fire & Casualty Company and United States Fidelity & Guaranty Company are fully and completely released and forever discharged from their liability to make all periodic payments set forth in paragraph 2(b)[1] of this Agreement herein, and are completely released and forever discharged from liability to fulfill any and all other obligations under this Agreement.

Thornton also signed an acceptance of annuity contract and assignee stating:

> The undersigned, Carl Jefferson Thornton, and his attorney, Rick Olson, hereby accept the assignment by the released parties in the Settlement Agreement and Release executed October 31, 1984, of the obligations under paragraph 2(b) thereof to the Executive Life Insurance Company of California; acknowledge that any liability for the obligations under paragraph 2(b) on the part of the released parties is extinguished in accordance with paragraph 6; and hereby accept the First Executive Corporation, a California corporation, as the "ASSIGNEE" acceptable to the Plaintiff.

A release is a contract governed by the applicable contract rules. *Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993). Accordingly, we apply the law governing the construction and interpretation of contracts to the settlement agreement and related docu-

---

1. Section 2(b) provides, in part, "Economy Fire & Casualty Company and United States Fidelity and Guaranty Company further agree to pay to plaintiff Carl Jefferson Thornton the sum of Two Thousand Dollars ($2,000) per month.... These monthly payments are to continue for the life of Plaintiff ... and in any event shall continue for twenty years...."

ments to determine the meaning of their terms and their legal effect. Interpretation involves ascertaining the meaning of the contract words; construction refers to determining their legal effect. *Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 25 (Iowa 1978) (citation omitted). In construing written contracts, the cardinal principle is the parties' intent must control; and except in cases of ambiguity, this is determined by what the contract itself says. Iowa R.App. P. 14(f)(14). An ambiguity exists when, after application of the pertinent rules of interpretation to the contract language, a genuine uncertainty exists as to which of two reasonable constructions is proper. *Berryhill v. Hatt*, 428 N.W.2d 647, 654 (Iowa 1988). An ambiguity does not exist simply because the parties disagree on the meaning of a phrase. *Farm Bureau Mut. Ins. Co. v. Sandbulte*, 302 N.W.2d 104, 108 (Iowa 1981). If a contract is not ambiguous, it will be enforced as written. *Spilman v. Board of Directors*, 253 N.W.2d 593, 596 (Iowa 1977).

Interpretation is reviewed as a legal issue unless it dependent at the trial level on extrinsic evidence. Construction is always reviewed as a legal issue. *Fashion Fabrics of Iowa, Inc.*, 266 N.W.2d at 25. The district court found the language of the parties' settlement agreement and release was unambiguous. Moreover, the summary judgment record does not indicate extrinsic evidence was considered in determining the meaning of the language in the agreement documents. Therefore, we review the district court's determination on these issues as a matter of law for this court to finally decide. Our task is to determine the intent of the parties as evidenced by the language of their agreement. We will not make a new contract for the parties by arbitrary judicial construction. *Kinney v. Capitol–Strauss, Inc.*, 207 N.W.2d 574, 576 (Iowa 1973).

■ We conclude, based on our review, the terms of the settlement agreement are

clear and unambiguous. Therefore, the contract will be enforced as written. *Spilman*, 253 N.W.2d at 596. The terms of the agreement clearly express the parties' intent to release Economy Fire of all liability and legal obligations to Thornton. Hubill, USF & G, and First Executive are entitled to summary judgment as a matter of law.

■ Thornton also argues there is a material fact issue regarding the assignee's identity. The settlement agreement indicates First Executive accepted the assignment of liability, while Executive Life actually made payments to Thornton. Under Thornton's theory, the discrepancy renders his acceptance of the assignment invalid. We find any resulting fact issue is not material. "An issue of fact is 'material' only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law." *Fees v. Mutual Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992) (citation omitted). The unambiguous terms of the settlement agreement relieved Hubill, USF & G, and Economy Fire of all liability to make payments upon assignment. Thornton signed the acceptance of annuity contract and assignee. He accepted payments from Executive Life, and Executive Life made payments to him for nine years. Hubill, USF & G, and Economy Fire assigned their interests in the annuity and, consequently, the terms of the settlement agreement released them of liability to make payments to Thornton.

Our decision on this issue is dispositive. We therefore need not consider the remaining claims of the parties.

**AFFIRMED.**