# IN THE COURT OF APPEALS OF IOWA

No. 16-1413
Filed April 5, 2017

**ESTATE OF LAYNE SCHNEIDER,**
　　Plaintiff-Appellant,

**vs.**

**WADE A. LENTH,**
　　Defendant-Appellee.

_____

　　Appeal from the Iowa District Court for Fayette County, Joel A. Dalrymple, Judge.

　　The administrators of an estate appeal the district court's grant of summary judgment in this wrongful death action. **AFFIRMED.**

　　Jesse M. Marzen of Marzen Law Office, P.L.L.C., Waverly, for appellant.

　　Devin C. Kelly of Allen, Vernon & Hoskins, PLC, Marion, and Charles R. Kelly, Jr. of Charles Kelly Law Office, P.C., Postville, for appellee.

　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

On January 22, 2013, Layne Schneider's body was found in a burnt pick-up truck, which had left the roadway in Fayette County. Two years later, Schneider's parents, as administrators of his estate (the Administrators), filed a wrongful death lawsuit against Wade Lenth, claiming Lenth had killed Schneider and then set the vehicle on fire. Trial was set for November 2016, but on April 14, 2016, Lenth filed a motion for summary judgment, asserting there was no evidence he took any action that caused Schneider's tragic death. The Administrators did not file a response to the motion for summary judgment, and after a hearing, the district court granted the motion, dismissing the Administrators' petition. The Administrators filed a motion to reconsider, and Lenth filed a resistance to the motion. However, before the district court could rule on the motion to reconsider, the Administrators filed a notice of appeal.

On appeal the Administrators claim Lenth's own motion for summary judgment and accompanying documents demonstrate there is a genuine issue of material fact, summary judgment was inappropriate when there was a pending discovery dispute, and Lenth did not satisfy his burden to show there was no material fact in dispute. These are the same claims that were made in the Administrators' motion to reconsider that the district court had not yet ruled on when the notice of appeal was filed by the Administrators. Because we have no ruling from the district court on these issues, Lenth claims the Administrators did not preserve error.

The Administrators did not file any resistance to Lenth's motion for summary judgment.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.

Iowa R. Civ. P. 1.981(5). "A party may not rely on the hope of the subsequent appearance of evidence generating a fact question." *Thornton v. Hubill, Inc.*, 571 N.W.2d 30, 32 (Iowa Ct. App. 1997). After the court ruled in favor of Lenth, the Administrators filed a motion to reconsider in an attempt to demonstrate a disputed material fact existed in the record. However, before the court could rule on the motion to reconsider, the Administrators filed their notice of appeal. "When the party who has filed a posttrial motion appeals, no jurisdictional problem arises. . . . However, in these circumstances, the appellant is deemed to have waived and abandoned the posttrial motion." *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). We therefore find the Administrators did not preserve error on the claims they make on appeal because we have no district court ruling addressing these claims. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Even if we determine the issues raised by the Administrators on appeal were properly preserved for our review, we would reject them on their merits. The Administrators point to evidence in the record that indicates the circumstances surrounding Schneider's death are unusual and even suspicious. But no facts in the record demonstrate Lenth had any connection to Schneider's

death. The Administrators point out the autopsy report, attached to Lenth's motion for summary judgment, states that Schneider had received threatening text messages in the days before his death, but the report does not indicate who sent those messages or what the messages said. In addition, the report states the person who "reportedly sent the threatening messages was accounted for" at the time of the motor vehicle crash. The Administrators' interrogatory responses indicate a man by the name of Nick Hamm made statements at a bar the day after the accident indicating he killed Schneider and the Adminstrators assert Nick Hamm was Lenth's roommate. But beyond the allegation that they were roommates, there is nothing to connect Lenth to Nick Hamm's statements or Schneider's death. The Administrators failed to put forth any evidence as required by rule 1.981(5), by affidavit or otherwise, to show Lenth was connected to Schneider's death, such that would create a material fact in dispute to defeat Lenth's motion for summary judgment.

The Administrators also claim summary judgment was not proper when there was a pending discovery dispute between the parties. *See Miller v. Cont'l Ins. Co.*, 392 N.W.2d 500, 503 (Iowa 1986) ("[A] party against whom a summary judgment motion is made should first be allowed to discover the facts if he desires." (citation omitted)). However, we note the discovery dispute that was pending at the time of the summary judgment ruling was Lenth's motion to compel the Administrators to adequately respond to his discovery requests. This is not a case where the Administrators could not adequately respond to Lenth's motion for summary judgment because Lenth refused to answer the Administrators' discovery requests. Lenth was the party bringing the motion for

summary judgment and the party who was prevented from discovering facts in the possession of the opposing party.

Because we conclude the Administrators did not preserve error on the claims they made on appeal and, even if error was preserved, summary judgment was properly entered in favor of Lenth, we affirm the district court's decision.

**AFFIRMED.**